WESTERN TELEPHONE MFG. CO. v. SWEDISH–AMERICAN TELEPHONE CO.

(Circuit Court, N. D. Illinois, E. D.   June 25, 1908.)

No. 28,994.

PATENTS—INFRINGEMENT—TELEPHONE SWITCH BOARDS.

The Fisk patent, No. 521,461, for a combined annunciator and spring-jack for telephone switch boards, as construed and limited by prior decision, *held* not so clearly infringed as to warrant the granting of a preliminary injunction.

In Equity.   On motion for preliminary injunction.

Coburn & McRoberts (J. McRoberts, of counsel), for complainant.
Dyrenforth, Lee, Chritton & Wiles (P. C. Dyrenforth, W. Clyde Jones, and Russell Wiles, of counsel), for defendant.

KOHLSAAT, Circuit Judge.   This cause is now before the court on application for a preliminary injunction restraining in limine the defendant from infringing patent No. 521,461, granted to H. M. Fisk, June 19, 1894, for a "combined annunciator and spring-jack."

Heretofore such proceedings were had in the case of said complainant against the American Electric Telephone Company et al. in this court (case No. 24,516) and on appeal (same title, 131 Fed. 75, 65 C. C. A. 313), that the said patent stands adjudicated as valid for the purposes of this motion, so that the only question before the court is that of infringement.   In this last-named case, infringement was found by the Court of Appeals.   The patent in suit covers the idea of restoring this fallen shutter of the jack by the contact of the plug with the shutter as it enters the jack.   The shutter hangs in front of the jack, so that the plug, on being thrust in to make circuit connection, contacts with it directly, and by means of an enlarged shaft of the plug forces it (the shutter) upwards into contact with a latch, thereby forcing it and keeping it out of the path of the plug.   Thus the one opening of the jack served for signaling, restoring the shutter, and closing the circuit.   The matter here under consideration is the method of lifting the drop or signal to waiting position.   Defendant's

device in that suit, as is also the case here, has two openings, one for signaling and the other for restoring the signal and closing the circuit by means of the insertion of a plug. The latter opening was placed under the former, so that the shutter or curtain, which was provided with a cam on its outer side, fell outwardly to a horizontal position, carrying its cam projection into the path of the plug, as it was being thrust into the lower opening, whereby the contact of the plug with the cam caused the shutter to be lifted back into closed position. This method the Court of Appeals deemed to be the equivalent of that of the patent then and now in suit.

A consideration of the testimony of the complainant's experts, Miller and Wiles, in the former suit, the arguments of counsel before the Court of Appeals, the language of the opinion and of the patent, and the conditions of the prior art are at this time deemed to fully justify the contention of defendant herein that the decision of the Court of Appeals was based upon the theory of direct impact of the plug with the shutter. "It is perfectly clear," say defendant's counsel, in their brief before the Court of Appeals, "that our position has been consistent upon the point that the Fisk patent covers the idea of restoring the fallen shutter by the contact of the plug as it enters the jack. Nothing more, and certainly nothing less." No other question was considered of moment in that case. "Appellee's drop," says the court, "contacts with the plug through the cam projection in the drop. We have already stated that we regard it as immaterial whether the contact is effected through having the plug reach up or the drop reach down, or both." The main question now before the court therefore is whether, as the record now shows, defendant's devices directly contact with the drop in the light of said decision and of the prior art.

Two of defendant's forms are alleged to be infringements. These may be designated as the old and the new. The former employs a two-part intermediate mechanism in restoring the drop. The latter restores it by means of a single element. The former is so removed from complainant's device that, for the purposes of this hearing. it is not considered pertinent. The new form consists, in part, of a vertically swinging flexible lever secured at its inner and to the coil-casing, and extending forward to a position near to the plug spring opening, and inside the front wall of the jack, where it takes on a cam-roller, and then passes on through the front wall of the jack, and terminates in a short projection under the drop. The cam-roller is adapted to be struck by the plug as it is pushed into the jack. This movement wedges the swinging end of the lever into a lifted position, which in turn causes the outer free end of the lever to strike the drop or curtain and lift it to its restored position. Thus, the horizontal thrust of the plug results in a vertical movement of the lever against the drop. There is no contact of the plug with the drop. It is conceded by complainant (page 34, reply brief in the Court of Appeals on former hearing) that to combine the drop and jack in a unitary structure was not new with Fisk. It is shown in a number of patents in the prior art. Nor was it new to automatically restore the curtain by the mere act of thrusting in the plug. Defendant's side by side arrangement of the drop and jack was also old. The restoration to posi-

tion of the drop was, prior to Fisk, accomplished by more elaborate means. In the English patent to McClure dated March 14, 1879, applied for October 5, 1878, we find an associated jack and drop. "This invention," says the inventor, "provides by one action for the resetting the indicator-drop and the introduction into the required circuit of a telephone and signal instrument." The two are located side by side. The signal drop is rigidly attached to a rocking shaft or lever, which is released from position by the application of a current from the subscriber or other distant operator, by means not here in question, whereby the indicator is, with the aid of a counterweight, carried athwart the aperature in which it is made to show the circuit on which the signal has been sent. Also attached rigidly to the rocking-shaft and indicator is a cam. The plug, when inserted, strikes this cam, whereby the lever or shaft and its indicator are reset. Thus, there is just one intermediate element between the plug and the drop. While the plug does not, strictly speaking, contact with the drop, it does contact with a lever or shaft, of which the drop is an integral part. If that part of the lever lying between the drop and the cam were removed, the cam would be located upon the drop, or the drop upon the cam, and we should have, practically, the device of the defendant's device in said former suit. Mr. Wiles, complainant's expert in the former suit, says:

"I should say that the space of a half inch or more between the cam (of the McClure device) and the edge of the shutter would probably necessitate an increase of the width of the entire device beyond that which it otherwise necessarily had, and that this would take the device outside the limitation of the claims which I have fixed in the foregoing consideration of their meaning."

It will be understood that the distance between the cam-roller and the drop in defendant's instrument now before the court is much greater than half an inch. Of course, the distance was fixed at half an inch arbitrarily, probably in order to exclude the cam projection on the drop then under consideration. There may have been in that case some novelty in the matter of adaptability to contact arrangement of the parts. It is difficult to find any difference in operation between Fisk and McClure. Several other patents have been introduced in evidence, showing intermediate mechanisms for restoring the drop of a more elaborate character than those of Fisk and McClure, viz., the Rein patent, No. 240,182 of 1881. Here the annunciator and jack are associated. "The object of my invention," he says, "is to provide for raising the drop automatically by the devices used for connecting or breaking the lines, thus avoiding necessity of handling the drop and insuring its return to place." The drop is restored by means of the plug, a rod held in an advanced position by a spiral spring, and cams which lift a bolt, which in turn lifts the floating lever-arm, which rigidly carries the drop. The Vail patent, No. 300,168, dated June 10, 1884, in which the intermediate device consists in part of an electrical circuit, is of the same general class, as is also the Gould patent, No. 392,326, disclosing several elements intervening the plug and the drop. All of them serve to emphasize the former finding of this court that the Fisk patent was of necessity very narrow.

Some point is made to the effect that the McClure patent is inoperative. This is not justified by the record. I am unable to say from the facts as now presented that there is a clear case of infringement. Indeed, there seems to be grave doubt as to that fact. In such a case, the court is not justified in granting extraordinary relief.

The motion for a preliminary injunction is denied.